1   COUNSEL LISTED ON FOLLOWING PAGE

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11

12   MICHAEL SCOTT EDWARDS;               Case No.  2:13-CV-01172 WBS-KJN
     LAWRENCE LAMDIN; VINCENT
13   VANDENBERG,                          **STIPULATED PROTECTIVE ORDER
                                          AND [~~PROPOSED~~] ORDER**
14                  Plaintiffs,

15          v.

16   BRUCE OLSON CONSTRUCTION, INC.,
     and DOES 1-10,
17
                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

1  LOUIS A. BASILE, ESQ. (SBN 47432)
   JAMES E. SIMON, ESQ. (SBN 62792)
2  **PORTER SIMON**
   A PROFESSIONAL CORPORATION
3  210 GROVE STREET
   TAHOE CITY, CALIFORNIA 96145
4  T: 530.583.7268 | F.: 530.583.7209
   basile@portersimon.com
5  simon@portersimon.com

6  RONALD W. BROWN, ESQ. (SBN 107340)
   BARBARA A. COTTER, ESQ. (SBN 142590)
7  **COOK BROWN, LLP**
   555 CAPITOL MALL, SUITE 425
8  SACRAMENTO, CALIFORNIA 95814
   T.: 916.442.3100 | F.: 916.442-4227
9  rbrown@cookbrown.com
   bcotter@cookbrown.com
10
   Attorneys for Defendant BRUCE OLSON
11 CONSTRUCTION, INC.

12 WILL M. YAMADA, ESQ. (SBN 226669)
   JOHN P. TRIBUIANO III, ESQ. (SBN 232960)
13 DONALD P. NOVEY, ESQ. (SBN 279654)
   **NOVEY, TRIBUIANO & YAMADA, LLP**
14 2222 WATT AVENUE, SUITE B-1
   SACRAMENTO, CALIFORNIA 95825
15 T.: 916.333.5000 | F.: 916.333.5001
   wyamada@ntylaw.com
16 dnovey@ntylaw.com

17 Attorneys for Plaintiffs
   MICHAEL SCOTT EDWARDS; LAWRENCE
18 LAMBDIN; and VINCENT VANDENBERG

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 2:13-CV-01172-WBS-KJN

1

**STIPULATION**

2   Defendant Bruce Olson Construction, Inc., by and through its undersigned counsel,

3   and Plaintiffs Michael Scott Edwards, Lawrence Lambdin and Vincent Vandenberg, by and

4   through their undersigned counsel, hereby agree to the entry of the Protective Order

5   below.

6

**ORDER**

7   Pursuant to Federal Rules of Civil Procedure 26(c) and the stipulation of the parties,

8   the Court hereby enters the following Protective Order.

9   **A.     Scope of Protective Order**

10   1.     This Protective Order shall govern the use and disclosure of certain sensitive

11   and confidential information designated in good faith by a party to this litigation as being

12   "Confidential," as set forth below, and which is contained in (a) any documents, written

13   discovery responses, or tangible evidence produced in this litigation by means of discovery

14   and/or (b) any transcripts of depositions taken in this action.  This Protective Order

15   establishes a procedure for the expeditious handling of such Confidential information; it

16   shall not be construed as an agreement or as creating any presumption on the

17   confidentiality of any document.

18   2.     The attorneys of record, and all others to whom any such designated

19   Confidential information and material is disclosed, shall maintain such designated

20   Confidential information and material in strict confidence, shall not disclose such

21   designated Confidential information and material except in accordance with this Protective

22   Order, and shall use such designated Confidential information and material solely for this

23   litigation.   All produced Confidential information and material shall be carefully

24   maintained in secure facilities (such as law firm offices), and access to such Confidential

25   information and material shall be permitted only to persons properly having access thereto

26   under the terms of this Protective Order.

27   ///

28

**STIPULATED PROTECTIVE ORDER**
**Case No. 2:13-CV-01172-WBS-KJN**

**B.      Confidential Information or Material**

3.      Any party claiming that documents, written discovery responses, or tangible evidence constitute or include Confidential information or material shall mark those portions of the material considered in good faith to be confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Confidential."  Deposition testimony may be designated as "Confidential" by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in Paragraph 5 of this section.

4.      By designating material as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive, non-public, confidential information, such as (a) personnel files; (b) either party's accounting information or tax records, or (c) any party's statements, balance sheets, or documents that otherwise describe, contain or disclose internal company information, including human resources policies and other similar internal company policies; where all such information is not readily ascertainable and which the party asserting confidentiality has taken reasonable steps to maintain its confidentiality.

5.      If depositions are conducted which involve confidential information, each party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other party of the portions of the transcript (by specific page and line reference) to be designated Confidential.  Prior to the expiration of the thirty (30) day period, the entire deposition transcript shall be treated as Confidential information.

6.      Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

6.1      Authors, originators, or original recipients of the Confidential information or material.

6.2      The parties to this action.

6.3      Employees, officers and directors of a party to this action, to the extent

that such employees, officers and directors have a need to know the Confidential information for the conduct of this litigation.

6.4     The attorneys of record in this litigation and their employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying, coding, or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, any insurance representative to whom it is necessary to disclose such information or material, and any mediator selected to mediate this matter; provided, however, that the attorneys of record utilizing such personnel shall be responsible for ensuring compliance with this Protective Order with respect to all such contract personnel and third party vendors.

6.5     The Court and its personnel, as necessary in support of motions, pleading and other court papers and proceedings.

6.6     Court reporters and their assistants, to the extent reasonably necessary for the reporting of depositions and hearing.

6.7     Non-party witnesses who, prior to receiving Confidential information, have received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) to be bound by its terms and to refrain from redistributing all such information.  Such lay witnesses shall have access to Confidential information only if the disclosing party has a good faith belief disclosure is necessary and the disclosure is only for purposes limited to participation in this litigation (i.e., testimony, deposition preparation, interviews yielding affidavits or declarations, etc.).

6.8     Experts retained by an attorney to whom disclosure may be made pursuant to Paragraph 6.4, but only to the extent that the expert, prior to receiving any Confidential information or material, has received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) to be bound by its terms, including his/her agreement not to divulge any Confidential information or material to any other person, his/her agreement not to use any Confidential information or material for any purpose other than this litigation, his/her consent to the jurisdiction and

contempt power of this Court with respect to the enforcement of the order, and his/her agreement to return to the disclosing attorney within twenty (20) days after termination of this litigation (a) all documents and other material containing designated Confidential information and material received by him/her and all copies thereof and (b) all reports, correspondence and other tangible things in his/her possession or control which contain, reference, or describe any Confidential information, or material disclosed to such expert.

7.     Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents, information, or material.

8.     By agreeing to the entry of this Protective Order, neither party waives its or his/her right to seek greater protection of documents, information, or things than the protection afforded by this Protective Order.

## C.     Filing Confidential Information or Material

9.     Any party who wishes to file Confidential information or material will follow the procedure set forth in Eastern District of California Local Rule 141.1, including without limitation Local Rule 141.1(e), which provides: "Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with Local Rule 141."

## D.     Confidentiality Challenge

10.     If a party challenges the confidential designation of any document or information, it shall so notify the designating party in writing and provide that party thirty (30) calendar days in which to consider the challenge.  The parties agree that, during that period, they will make a good faith effort to resolve any disputes concerning the treatment of Confidential information or material.  If the matter has not been resolved, the party advocating confidentiality must move for such protection under Rule 26(c), or the designation shall be deemed abandoned.

## E.     No Waiver of Privilege

11.     To expedite the production of information, a party may inadvertently produce documents that are privileged, including but not limited to documents protected

by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document").   Pursuant to Federal Rules of Evidence 502(b), production of a Privileged Document shall not be deemed a waiver of any applicable privilege.   Upon discovery that a Privileged Document has been produced, the producing party shall promptly notify counsel for the other party who shall promptly return the Privileged Document and all copies of the Privileged Document.   If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless return the Privileged Document and all copies of the Privileged Document to the party asserting the privilege.   The parties reserve the right to contest any determination that a document is privileged or is otherwise protected from disclosure.

**F.      Termination**

12.      After the termination of this action, this Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential information or materials has been disclosed or communicated.

**G.      Return of Documents**

13.      No later than sixty (60) days following the "conclusion of these proceedings" as defined herein, counsel shall return all documents and materials designated as Confidential to counsel for the other party, together with all abstracts, copies, and other documents containing any information contained within the documents (except that counsel for each party may maintain in its files copies of each document filed with the Court).   Alternatively, the parties may agree upon appropriate methods of destruction. "Conclusion of these proceedings" refers to the conclusion of this matter by trial or settlement and, if concluded by trial, the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law.

14.      This Order does not preclude a party from retaining custody of its own Confidential information or material at the "conclusion of these proceedings" as defined in

paragraph 13 when not commingled with confidential information of other persons or parties.

**H.     Modification**

15.     This Order may be modified in the event that parties agree in writing to a modification of the provisions and such modification is approved by this Court, or upon either party's application to the Court for modification.

**I.     Remedies**

16.     The parties expressly acknowledge and agree that all remedies under Federal Rules of Civil Procedure 37 will be available to the Court, in its discretion, to sanction any violation of this Order.

**J.     Retention of Jurisdiction**

17.     The parties and any other person subject to the terms of this Order agree that this Court has and retains jurisdiction during this action.

**K.     Effective Date**

18.     The effective date of this Stipulated Protective Order shall be the date upon which it is signed by all parties through their attorneys of record.

DATED:  January 3, 2014                   COOK BROWN, LLP

                                          By:   /s/ Barbara A. Cotter
                                              RONALD W. BROWN, ESQ.
                                              BARBARA A. COTTER, ESQ.
                                              Attorneys for Defendant
                                              BRUCE OLSON CONSTRUCTION, INC.

DATED:  January 3, 2014                   PORTER SIMON

                                          By:   /s/ Louis A. Basile
                                              LOUIS A. BASILE, ESQ.
                                              JAMES E. SIMON, ESQ.
                                              Attorneys for Defendant
                                              BRUCE OLSON CONSTRUCTION, INC.

DATED:  January 3, 2014              NOVEY, TRIBUIANO & YAMADA, LLP


                                     By:   /s/ Will M. Yamada
                                          WILL M. YAMADA, ESQ.
                                          JOHN P. TRIBUIANO III, ESQ.
                                          DONALD P. NOVEY, ESQ.
                                          Attorneys for Plaintiffs
                                          MICHAEL SCOTT EDWARDS;
                                          LAWRENCE LAMBDIN and VINCENT
                                          VANDENBERG


### ORDER

   The foregoing Stipulated Protective Order is approved with the following clarification: the undersigned is not inclined to approve a stipulation that might require this court to retain jurisdiction regarding confidential information after the termination of this action.  Accordingly, as to Paragraph J, the undersigned hereby orders that this Stipulated Protective Order shall survive and remain in full force and effect such that it may be enforced as a contract between the parties after the termination of this case, but the court will not retain jurisdiction after the termination of this case.


**IT IS SO ORDERED.**

Dated:  January 3, 2014


                                     _____
                                     KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE


STIPULATED PROTECTIVE ORDER
Case No. 2:13-CV-01172-WBS-KJN

### EXHIBIT A

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulation and Protective Order entered in the matter of Michael Scott Edwards, et al. v. Bruce Olson Construction, Inc., in the United States District Court for the Eastern District of California, Case No. 2:13-CV-01172-WBS-KJN.  I have read and agree to be bound by all of the provisions of the Stipulation and Protective Order.  I agree (a) not to divulge any Confidential information or material to any other person; and (b) not to use any Confidential information or material for any purpose other than this litigation.  In addition, I consent to the jurisdiction and contempt power of the United States District Court for the Eastern District of California, with respect to the enforcement of the Stipulation and Protective Order.

DATED: _____, 2013

_____
[*Signature*]

_____
[*Print Name*]