1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                            ----oo0oo----

12  MICHAEL SCOTT EDWARDS;            CIV. NO. 2:13-1172 WBS KJN
    LAWRENCE LAMDIN; VINCENT
13  VANDENBERG,                       ORDER RE: MOTION FOR LEAVE TO
                                      AMEND COMPLAINT
14           Plaintiffs,

15      v.

16  BRUCE OLSON CONSTRUCTION,
    INC.; and DOES 1-10,
17
             Defendant.
18

19

20                            ----oo0oo----

21        Plaintiffs Michael Scott Edwards, Lawrence Lamdin, and

22  Vincent Vandenberg brought this wage-and-hour suit against

23  defendant Bruce Olson Construction, Inc. ("Bruce Olson

24  Construction").  Plaintiffs now move for leave to amend the

25  Complaint to join two additional defendants, BOC-Nevada, Inc.

26  ("BOC-Nevada") and Tahoe Construction Management & Sales, Ltd.

27  ("TCMS").

28        In its Opposition, defendant disputed that plaintiff

                                 1

1   had shown "good cause" to amend the scheduling order under

2   Federal Rule of Civil Procedure 16(b).  (See Docket No. 21.)  At

3   oral argument, it became clear that the parties did not dispute

4   whether amendment was appropriate, but simply disagreed on

5   whether the proposed amendment satisfies the standards for

6   relation back set forth by Rule 15(c).  Defendant had no

7   objection to the amendment so long as it was understood that the

8   court was not ruling on whether it related back, and plaintiff

9   was willing to have court rule on the motion to file the amended

10  complaint without ruling on the relation back issue.

11         Because relation back is applicable only in the event

12  that a defendant asserts a statute of limitations defense, the

13  court need not address the applicability of relation back "until

14  after leave to amend is granted and the amended pleading is

15  filed."  Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539

16  (N.D. Cal. 2003); see also Owens v. Walgreen Co., Civ. No. 2:12-

17  419 WBS JFM, 2012 WL 2359996, at *2 (E.D. Cal. June 20, 2012)

18  (declining to address applicability of relation back or equitable

19  tolling doctrines to amended complaint "because the better

20  preferred procedure is to allow amendment and permit the

21  defendant to challenge the pleadings with a motion to dismiss").

22  Accordingly, the court will grant plaintiffs' motion for leave to

23  amend the Complaint without ruling on the question of whether it

24  relates back to the date of the initial filing of the complaint.

25         IT IS THEREFORE ORDERED that plaintiffs' motion for

26  leave to amend be, and the same hereby is, GRANTED.  Plaintiffs

27  ///

28  ///

1   shall file their First Amended Complaint within seven days of the

2   date this Order is signed.

3   Dated:  March 11, 2014

4

5   WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28