Case 2:13-cv-01172-WBS-KJN   Document 33   Filed 04/28/14   Page 1 of 5

WILL M. YAMADA (SBN 226669)
JOHN P. TRIBUIANO III (SBN 232960)
DONALD P. NOVEY (SBN 279654)
**NOVEY, TRIBUIANO & YAMADA, LLP**
2222 Watt Avenue, Suite B-1
Sacramento, CA, 95825
Telephone: (916) 333-5000
Facsimile:  (916) 333-5001

Attorneys for Plaintiffs

LOUIS A. BASILE, ESQ. (SBN 47432)
JAMES E. SIMON, ESQ. (SBN 62792)
PORTER SIMON
210 GROVE STREET
P.O. BOX 5339
TAHOE CITY, CA, 96145
T:  (530) 583-7268 | F:  (530) 583-7209

RONALD W. BROWN, ESQ. (SBN 107340)
BARBARA A. COTTER, ESQ. (SBN 142590)
COOK BROWN, LLP
555 CAPITOL MALL, SUITE 425
SACRAMENTO, CA, 95814
T:  (916) 442-3100 | F:  (916) 442-4227

Attorneys for Defendants

**UNITED STATES DISTICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SCOTT EDWARDS; LAWRENCE LAMDIN; VINCENT VANDENBERG,<br><br>        Plaintiffs,<br><br>  v.<br><br>BRUCE OLSON CONSTRUCTION, INC., BOC-NEVADA, INC., TAHOE CONSTRUCTION MANAGEMENT AND SALES LTD., and DOES 1-10,<br>        Defendants. | Case No.:  2:13-CV-01172-WBS-KJN<br><br>NOTICE OF REQUEST TO SEAL DOCUMENTS; POINTS AND AUTHORITIES IN SUPPORT OF REQUEST TO SEAL DOCUMENTS; [PROPOSED] ORDER GRANTING REQUEST TO SEAL DOCUMENT<br><br>[CA E.D. LOCAL RULE 141] |

---

*NOTICE OF REQUEST TO SEAL DOCUMENTS*

1 | Notice is hereby made jointly by the parties through their counsel to seal a document
2 | pursuant to Eastern District Local Rule 141.  Specifically, the parties request that this Court seal the
3 | settlement documents which will be filed as an attachment to the STIPULATION RE APPROVAL
4 | OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND [PROPOSED]
5 | ORDER THEREON.  This request to seal a document will be supported by points and authorities in
6 | support of the request to seal documents, a stipulation entered by the parties and any other
7 | documents needed by the Court to approve this request.  RESPECTFULLY SUBMITTED.

Dated: April 15, 2014                            **NOVEY, TRIBUIANO & YAMADA**

By: _/s/ Will M. Yamada_
    WILL M. YAMADA
    Attorneys for Plaintiffs

Dated: April 15, 2014                            **PORTER SIMON**

By: _/s/ Louis A. Basille_
    LOUIS A. BASILLE
    Attorneys for Defendant

Dated: April 15, 2014                            **COOK BROWN**

By: _/s/ Barbara A. Cotter_
    BARBARA A. COTTER
    Attorneys for Defendant

*NOTICE OF REQUEST TO SEAL DOCUMENTS*

1 **POINTS AND AUTHORITIES IN SUPPORT OF REQUEST TO SEAL DOCUMENTS**

2   This action arose out of a dispute between plaintiffs who worked as both employees and/or
3 independent contractors for defendants doing construction work on custom homes.  In addition to
4 this action, Plaintiffs MICHAEL SCOTT EDWARDS and LAWRENCE LAMBDIN also filed a
5 separate class action in Placer County Superior Court, Case No. SCV0033371.  The class action
6 complaint alleged one specific claim for missed rest breaks under California law.  After participating
7 in this Court's voluntary dispute resolution process through mediator Timothy Long, the parties have
8 reached settlement in both this action and the State court class action.  In the State action, the parties
9 are only settling their individual claims and are not pursuing the class claims.

10   Good cause exists to seal the settlement documents as the settlement agreements executed by
11 the parties includes express confidentiality provisions and damages for breaching said confidentiality
12 provisions.  Accordingly, absent an order sealing the settlement documents, the confidentiality
13 agreement which is a material term in the agreements would be invalidated if it was subject to public
14 disclosure.  "[C]ourts have granted protective orders to protect confidential settlement agreements."
15 Phillips v. GMC, 307 F.3d 1206, 1212 (9th Cir. 2002).  Furthermore,

> Some district courts have sealed confidential settlement agreements because they "[b]enefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution . . .The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection." Gamble v. Arpaio, 2013 U.S. Dist. LEXIS 4576, p. 9, citing Kalinauskas v. Wong, 151 F.R.D. 363, 365 (D. Nev. 1993)

20 Accordingly, good cause is satisfied as all parties would be harmed if the settlement agreement is
21 invalidated and they were forced to resume litigation.

22   All parties to this action are private entities and there is no public interest in disclosing the
23 settlement agreement.  Absent an order sealing the settlement agreement, the agreement would be
24 invalidated thus needlessly reopening litigation in this case which neither party desires.  This would
25 also prejudice plaintiffs as they seek a final and prompt resolution of this matter.  Accordingly the
26 parties through this request and a corresponding stipulation respectfully request this court grant their
27 request to seal the settlement agreements.  RESPECTFULLY SUBMITTED.

28

*NOTICE OF REQUEST TO SEAL DOCUMENTS*

| | | |
|---|---|---|
| 1 | Dated: April 15, 2014 | **NOVEY, TRIBUIANO & YAMADA** |
| 2 | | |
| 3 | | By: */s/ Will M. Yamada* |
| 4 | | WILL M. YAMADA<br>Attorneys for Plaintiffs |
| 5 | Dated: April 15, 2014 | **PORTER SIMON** |
| 6 | | |
| 7 | | By: */s/ Louis A. Basille* |
| 8 | | LOUIS A. BASILLE<br>Attorneys for Defendant |
| 9 | | |
| 10 | Dated: April 15, 2014 | **COOK BROWN** |
| 11 | | By: */s/ Barbara A. Cotter* |
| 12 | | BARBARA A. COTTER<br>Attorneys for Defendant |

*NOTICE OF REQUEST TO SEAL DOCUMENTS*

**ORDER**

The Court has reviewed the request to seal documents and supporting papers. Based upon a review of the record, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreements, which are attached to the Parties' STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE is hereby sealed. Access to this document shall be restricted to this Court and authorized court personnel.

2. Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order said document unsealed.

Dated: April 25, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE